IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY GEANOUS,

      Plaintiff,                                06cv0847

v.                                         **ELECTRONICALLY FILED**

MT. LEBANON POLICE DEPARTMENT,

      Defendant.

## MEMORANDUM OPINION

**July 27, 2006**

      Plaintiff Kelly Geanous filed a pro se complaint against the Mt. Lebanon Police Department which appears to seek an order from this Court directing the Mt. Lebanon Police Department to turn over a copy of "police reports (in the nature of a demurrer)," Complaint at ¶ 36, it has relating to charges against her for harassment, assault and resisting arrest, and disorderly conduct.  Plaintiff avers that the Mt. Lebanon Police Department was instrumental in "the Commonwealth's" investigation of her and her arrest in an on-going criminal investigation and/or prosecution instigated by defendant in conjunction with the Forrest Hills Police Department and/or  the Allegheny County District Attorneys Office. Defendant has filed a motion to dismiss (Document No. 4) pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), for failure to state a claim. After careful consideration of defendant's motion to dismiss, brief in support, and plaintiff's response thereto, the Court will grant the motion and will dismiss the case.

      In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  <u>Armstrong Surgical Center, Inc. v. Armstrong County</u>

Memorial Hospital, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marshall-Silver Construction Co. v. Mendel, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. Budinsky v. Pennsylvania Dept. of Environmental Resources, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims."). Pro se litigants will of course be given *some* leeway (but not *cart blanche*) because they are not versed in the law, and their complaints should be construed liberally. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of the claim. But dismissal is proper only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682 (1946). See also Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974) (claim must be "so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy").

As defendant accurately notes, it is impossible to glean any allegations of violations of federal law or of the Constitution of the United States in plaintiff's rambling complaint. Although plaintiff states in her memorandum in opposition to defendant's motion to dismiss (Document No. 6) that she is alleging violations of the Constitution, she does not specify or even suggest which provisions or principles of the Constitution she believes defendant may have violated, nor does she identify any actions or conduct of defendant that might plausibly raise Constitutional concerns.

Moreover, her jurisdictional predicate is "28 U.S.C. § 1608," Complaint at ¶ 3, which deals with service of a complaint on a foreign state or political subdivision of a foreign state, the time for a foreign state or political subdivision of a foreign state to answer, and default judgments against a foreign state or political subdivision of a foreign state. The Court takes judicial notice that Mt. Lebanon is not a foreign state or political subdivision of a foreign state, and therefore this jurisdictional predicate is a non sequitur.

Because plaintiff has failed to invoke this Court's jurisdiction and has failed to state a federal claim, her complaint will be dismissed by separate order of Court.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:    All counsel of record and pro se parties listed below

Kelly Geanous
245 Avenue B
Pittsburgh, PA 15221

Kathryn L. Hunter, Esquire
Eckert, Seamans, Cherin & Mellott
600 Grant Street
44th Floor
Pittsburgh, PA 15219